IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARMEN ANAYA,

        Plaintiff,

v.                                                   Civ. No. 10-287 JCH-DJS

LOVELACE HEALTH SYSTEM, INC.
d/b/a S.E.D. MEDICAL LABORATORIES,
INC., and DAVID BUSTOS, in his individual
capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Amended Motion to Remand* [Doc. 10] and Plaintiff's *Motion to Amend Complaint* [Doc. 26]. The Court having considered the motions, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Plaintiff's motions should both be GRANTED.

## BACKGROUND

Plaintiff filed her initial action against Defendants on November 6, 2009, in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Defendants informed Plaintiff that they would not accept formal service of her initial Complaint because it named an entity that was not her employer. Therefore, on February 2, 2010, Plaintiff filed an Amended Complaint against Defendants, also in the Second Judicial District Court (hereinafter "State Complaint," attached as Ex. A. to Notice of Removal [Doc. 1]). On February 25, 2010, Defendants accepted service of the State Complaint. On March 29, 2010, Defendants timely

filed their Notice of Removal pursuant to 28 U.S.C. § 1446(b).[1]

Plaintiff's State Claim arises from actions that she alleges took place in the course of her employment with S.E.D. Medical Labs, an entity of Lovelace Health Care, Inc.  Plaintiff was 64 years old at the time she filed her State Complaint, and over 40 years old at the time of all actions relevant to her lawsuit.  Plaintiff claims that she was discriminated against on the basis of her age, in that she was disciplined for certain alleged infractions that did not result in discipline for similarly situated employees under the age of 40.  In addition, Plaintiff claims that Defendants discriminated against her on the basis of a serious medical condition.

As relevant to this motion, Plaintiff's contentions related to her medical condition are as follow: on or about May 28, 2008, Plaintiff suffered a severe back injury while performing her regular duties for S.E.D. Medical Labs.[2]  Although Plaintiff contacted her manager to file an accident report with management, a Human Resources official with Defendants refused to allow her to file such a report, believing that it was unnecessary.  As a result, at the time of the injury, no accident report was filed.  Because no accident report was filed, the New Mexico Workers' Compensation Administration did not receive a report either.  Plaintiff's back pain worsened after the accident until July 3, 2008, when she became immobilized from the pain while at work, and was transported by ambulance to a hospital.  As a result of Plaintiff's hospitalization, she was placed on the Family and Medical Leave Act until July 28, 2008, and various times

---

[1] In her Motion to Remand, Plaintiff challenges the timeliness of Defendants' Notice of Removal, contending that Defendants had notice of the allegations set forth in the State Complaint well before being formally served.  Because the Court is granting Plaintiff's motion on other grounds, it need not address this issue.

[2] Plaintiff's contentions regarding her medical condition and Defendant's response to such condition are contained in her State Complaint at ¶¶ 30-61, and are paraphrased herein.

thereafter.  Despite Plaintiff's statement to Defendants detailing the cause of her July 3 hospitalization, Defendants never filed an accident report regarding this injury.  Once again, because no accident report was filed by Defendants, no report regarding the July 3 incident was filed with the New Mexico Workers' Compensation Administration at the time of the injury.

On or about August 25, 2008, Defendants filed a claim on behalf of Plaintiff for Workers' Compensation benefits with its Workers Compensation Insurance provider regarding Plaintiff's initial May 28, 2008 injury.  On September 17, 2008, Defendants' Workers' Compensation Insurance provider notified Plaintiff that it was denying her claim on the basis that she had failed to notify Defendants of her injury within fifteen days of her injury, even though Plaintiff's request to file an accident report had been refused by Defendants.  On September 23, 2008, Plaintiff requested that Defendants accommodate her back injury by allowing her part-time employment, as prescribed by her primary care physician.  Defendants refused to provide Plaintiff with this accommodation, and told her that she would have to either find other employment or take a leave of absence.

On October 1, 2008, Plaintiff requested that she be placed on long-term disability because of the severe nature of the injury she had suffered at work.  Defendants denied her request that same day.  Two days later, Defendants terminated Plaintiff's employment and retroactively terminated her health benefits.  Plaintiff claims that, as a result of her termination and the denial of her Workers' Compensation benefits directly attributable to Defendants' refusal to allow her to file a report for her May 28, 2008 injury, she has suffered loss of income, loss of benefits, uncompensated medical bills, and assorted other losses.

Plaintiff's State Complaint ostensibly puts forth only state law causes of action and theories of recovery.  Count I states a claim for age discrimination under the New Mexico

Human Rights Act ("NMHRA"). Count II states a claim for discrimination on the basis of serious medical condition under the NMHRA. Count III states a claim for failure to accommodate under the NMHRA. Count IV seeks relief for wrongful/retaliatory discharge, while Count V claims intentional interference with Workers' Compensation benefits. Count VI claims intentional infliction of emotional distress, and Count VII states a claim for prima facie tort.

While Plaintiff's State Complaint seeks damages only under state law causes of action, Defendants contend that the Complaint's reference to denial of long-term disability benefits confers jurisdiction on this Court, as it raises a federal question. As part of her basis for claiming age discrimination, Plaintiff states that Defendants denied her long-term disability benefits, and that Defendants did not similarly deny benefits to similarly-situated employees who were under the age of 40. State Complaint at ¶¶ 69-70. Plaintiff's prima facie tort claim asserts that Defendants "intentionally denied Plaintiff long-term disability benefits even though [they] knew she was qualified for them," and claims that she has been forced to bear the burden of medical costs "that would otherwise be covered by Workmans' Compensation benefits and/or long-term disability benefits." *Id*. at ¶¶ 127, 129. As a result, one of the categories of damages that Plaintiff seeks is "lost benefits." *Id*. at ¶ 132.

Defendants' Notice of Removal argues that Plaintiff's claim that she is entitled to long-term disability benefits raises a federal question. In her Motion to Remand, Plaintiff asserts that her State Complaint does not include a claim for long-term disability benefits. *See* Motion to Remand [Doc. 10] at 5. In order to demonstrate that she does not intend to request relief in the form of long-term disability benefits, Plaintiff seeks leave to file a Second Amended Complaint which removes all references to her denial of long-term disability benefits. *See* Doc. 26.

4

Defendants do not object to Plaintiff filing a Second Amended Complaint, but do object to Plaintiff's assertion that her State Complaint does not request relief in lost long-term disability benefits.  *See* Defendants' Response to Plaintiff's Motion to Amend Complaint [Doc. 28] at 1.

## ANALYSIS

In their Notice of Removal, Defendants assert that this Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's State Complaint alleges a cause of action under the laws of the United States, namely the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Defendants contend that, although Plaintiff does not expressly assert a cause of action under ERISA, one or more of her claims clearly arises thereunder, as she has alleged wrongdoing that relates specifically to her rights under a benefits plan governed by ERISA.  *See* Notice of Removal [Doc. 1] at 2. Defendants assert that removal is proper because one or more of Plaintiff's claims arise under ERISA, and are therefore governed exclusively by federal law.  *See id*. (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).

The long-term disability benefits plan in which Plaintiff allegedly participated is subject to and governed by ERISA.  *See* Declaration of Melanie Miller*,* attached as Ex. B to Doc. 1, at 1, ¶ 3.  Under section 502(a)(1)(B) of ERISA, a plan beneficiary or participant is authorized to bring a cause of action to recover benefits due under the terms of a covered plan or to enforce rights under the terms of the plan.  *See* 29 U.S.C. § 1132(a).  The well-pleaded complaint rule normally requires that a federal question appear on the face of a complaint for removal to be appropriate.  *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001).  However, an exception to this rule applies when ERISA is implicated.  *See Metropolitan Life*, 481 U.S. at 65-67.  Any state law claim that seeks to recover benefits provided for by a plan governed by

5

ERISA must be recharacterized as a federal claim and is subject to removal.  *See Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1155-56 (10th Cir. 2004) (citing *Metropolitan Life*, 481 U.S. at 65-66)).  *See also Aetna Health, Inc. v Davila*, 542 U.S. 200, 209 (2004) ("if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).").

 Plaintiff does not appear to dispute that state law claims seeking benefits that are provided for under a plan governed by ERISA are properly viewed as raising a federal question and are subject to removal.  In fact, she seems to acknowledge as much by her insistence that she is not seeking benefits under any disability plan and by seeking to file an Amended Complaint that removes any reference to her long-term disability plan.  However, her assertion that her claims "only peripherally relate to the employee benefit plan," Motion to Remand at 4, is disingenuous.  Plaintiff contends that she included the fact that she was denied long-term disability benefits only "to show disparate treatment in violation of the [NMHRA], not that Plaintiff was asserting that she was not [sic] denied long term disability benefits in violation of ERISA." *Id*.  However, even putting aside Plaintiff's claim that she was improperly denied long-term disability benefits because of unlawful age discrimination, her prima facie tort claim (Count VII) directly raises the issue of her entitlement to long-term disability benefits and appears to seek those benefits as damages.  By claiming that Defendants intentionally denied her disability benefits "even though [they] knew she was qualified for them," by contending that she had to pay medical costs that would otherwise have been covered by long-term disability benefits, and by seeking such "lost benefits," Plaintiff's cause of action can unquestionably be seen as seeking to recover benefits due under the terms of a covered plan.  Such claims are governed exclusively

by ERISA § 502(a)(1)(B).  Thus, Defendants' removal to this Court was proper.

Plaintiff's request to file a Second Amended Complaint is not opposed by Defendants and the Court does not see a reason to deny the request.  Plaintiff's Motion to Amend Complaint [Doc. 26] is therefore granted, and will be treated as having been filed contemporaneously with this motion being granted.  Although Plaintiff's post-removal amendments to her State Complaint remove all references to long-term disability benefits, thereby removing any federal question from her Second Amended Complaint, this does not divest the Court of jurisdiction.  Because Defendants' removal was proper, all of the claims in Plaintiff's State Complaint are properly before this Court pursuant to this Court's power to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a); *Metropolitan Life*, 481 U.S. at 1456 (upholding removal of additional state claims where one or more of the state claims was preempted by ERISA and the remaining state claims were removed under the pendant jurisdiction of the court).  However, because Plaintiff's Second Amended Complaint states only state-law causes of action, having removed all federal questions, the Court declines to exercise supplemental jurisdiction.  It therefore remands this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's *Amended Motion to Remand* [Doc. 10] and Plaintiff's *Motion to Amend Complaint* [Doc. 26] are both GRANTED.  This case shall be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE